**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                              Case No. 4:02CR00201 JMM

**JEROME ADROW**

### ORDER DENYING SENTENCE REDUCTION

Before the Court is defendant's Motion to Reduce Sentence, filed *pro se* (#170). Defendant requests a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1]  The Court has reviewed defendant's case to determine whether he is eligible for a sentence reduction.  Based upon such review, the Court concludes that defendant is not entitled to a reduction of his sentence.

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.[2]  Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially eligible.  Even then, there are some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be equal to the original guideline range.  In such cases, the defendant's guideline range is not lowered as a result of the retroactive amendment, and there is no basis for a sentence reduction.

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[2] *See, generally*, U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)(March 3, 2008).

- 1 -

Defendant is not eligible for a sentence reduction. Defendant's total offense level was calculated at 31 and his criminal history points placed him in category I. Based upon a total offense level of 31 and a criminal history category of I, defendant's guideline range was 108-135. However, the Court sentenced defendant to 120 months based upon the required statutory minimum of ten years which is unaffected by U.S.S.C. § 2D1.1. *See* 21 U.S.C. § 846.

Based upon this statutory minimum, defendant's sentence was not derived from or affected by a calculation of crack cocaine quantity and U.S.S.G. § 2D1.1.

Finally, defendant's argument regarding Amendment 709 is without merit as the Sentencing Commission did not make this amendment retroactive.

## CONCLUSION

Because the determination of Defendant's sentence of imprisonment is unaffected by the retroactive crack cocaine amendment, the Motion to Reduce Sentence (Docket # 170) is DENIED.

IT IS SO ORDERED THIS   16   day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE